PRESIDENT AND DIRECTORS OF THE INSURANCE COMPANY OF NORTH AMERICA *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RY. CO.

SAME *v.* SAME.

SAME *v.* SAME.

*(Circuit Court, E. D. Missouri.* January, 1882.)

1. COMMON CARRIER—BILL OF LADING—NEGLIGENCE.

A provision in a bill of lading, issued by a common carrier, to the effect that the carrier shall not be liable for loss by fire, will not exempt it from liability for a loss by fire occurring through its negligence.

2. SAME—NEGLIGENCE.

Where a common carrier undertakes to transport cotton for hire upon open flat cars, it is bound to take all needful precautions for the cotton's safety and protection.

3. SAME—SAME—MEASURE OF DAMAGES.

Where cotton in course of transportation by a common carrier was destroyed by fire in consequence of the carrier's gross negligence, and the owners assigned and transferred their interest in said cotton and their rights against said carrier to a fire insurance company, by which the cotton was insured, upon its indemnifying them for the loss sustained, *held,* that the insurance company was entitled, as against the carrier, to the value of the cotton at the time of the loss, with 6 per cent. interest from the day upon which the cotton would probably have been delivered to the owners if it had not been destroyed.

The facts alleged in the petitions in the above entitled cases are, so far as it is thought necessary to set them out here, substantially as follows:

Certain bales of cotton, owned by different parties in each case, were lost while in the custody of the defendant, a common carrier, and while being transported by it for hire.

At the time of the loss the cotton was covered by certain policies of insurance issued by the plaintiff, and upon its paying certain sums to the owners of the cotton they assigned all their rights, titles, and interests in, to, and concerning it to said company. The owners of the cotton are alleged in said petitions to have been damaged in certain specified sums, and the insurance company asked judgment for the amount of damages sustained by them.

The answers deny the facts alleged in the petitions, and allege that the losses complained of occurred from fire, without negligence on the part of the defendant, and that it was expressly stipulated and agreed by the shippers of the cotton that the defendant should not be liable as a common carrier or otherwise for loss or damages caused by fire.

In the replies the affirmative allegations in the answers are denied, and gross negligence on the defendant's part is alleged.

A jury was waived and the three cases were tried together by the court sitting as a jury.

At the trial, it appeared from the evidence that the losses all occurred from fire, through the defendant's negligence in attempting to convey the cotton on open flat cars through woods which were on fire.

In the case referred to as the one in which the negligence was least culpable the conductor did not see the fire until very close to it, and there being no side track, went ahead. In the other cases the smoke arising from the fire could be seen at a distance, and the cars on which the cotton was loaded might have been left in safety upon a side track. The cotton would probably have been delivered to its owners, if it had not been destroyed, on or about January 10, 1877.

The amounts referred to in the opinion of the court are the sums which the different shipments of cotton were proved to have been worth at the time of the loss.

The allegations of the answers in reference to the provisions in the bills of lading as to the liability of the carrier by fire were proved.

*Robert Harbison*, for plaintiff.

*Porter & Pike*, for defendant.

TREAT, D. J. These cases were heard at the same time and rest mainly on the same general principles. Some of the evidence introduced was incompetent, it being merely hearsay, as contradistinguished from "verbal facts." Discarding all such, the main question decisive of the cases is as to the defendant's negligence. Although the shipment of cotton on open or flat cars may not be in itself such an act of negligence as would make the carrier liable under all contingencies, yet when such shipment is made, there is devolved upon the carrier the duty to take the additional precautions needed for the protection and safety of the cotton. In these cases it seems that not only was no such precaution taken, but that the train in two of the cases was hurried forward when fires were adjacent to the track, or sufficiently near to render it more than probable that so inflammable an article would be ignited and destroyed. In the other case the negligence, although not so gross, was extremely culpable.

As it is admitted that if the loss was caused by the defendant's negligence the plaintiff must recover, it is unnecessary to consider what effect, if any, the Texas statutes would have upon the exemptions in the bill of lading against loss by fire, so far as the defendant is concerned. Rev. St. Texas, 1879, p. 48.

Judgments for the plaintiff will be enforced for the respective amounts, with interest at the rate of 6 per cent. per year from January 10, 1877, with costs.